IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MOHAMMAD CHORAZGHIAZAD )
)
v. ) No. 3:22-cv-1048
)
K.C. SMITH, *et al.* )

**TO:** Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

By Order entered January 3, 2023 (Docket Entry No. 3), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court are:

1) the motion to dismiss (Docket Entry No. 33) of Defendants Robert Bryant, Steve Gatlin, Randall Hutto, Michael Jennings, Barry Tatum, Mike Warren, and the Wilson County Sheriff's Department;

2) the motion to dismiss (Docket Entry No. 36) of Defendants Dan Alexander, Erin White, Mohammad Naser Chorazghiazad, Maryam Sangchin, Javid Chorazghiazad, and Mohammad Touloeisani;

3) the motion to dismiss (Docket Entry No. 40) of Defendants Charles Smith, Clara Byrd, and Michael Collins; and,

4) the motion for sanctions (Docket Entry No. 38) of Defendants Dan Alexander, Erin

White, Mohammad Naser Chorazghiazad, Maryam Sangchin, Javid Chorazghiazad, and Mohammad Touloeisani.

For the reasons set out below, the undersigned respectfully recommends that (1) the motions to dismiss be granted as to all Defendants, except for the motion to dismiss as it pertains to Defendants Steve Gatlin and Mike Warren, which should be denied, and (2) the motions for sanctions be denied.

## I. BACKGROUND

Mohammad Chorazghiazad ("Plaintiff") is a resident of Lebanon, Tennessee. On December 22, 2022, he filed this *pro se* lawsuit against 16 Defendants, seeking several million dollars in relief. *See* Complaint (Docket Entry No. 1). Plaintiff subsequently filed an amended complaint that names the same Defendants but includes factual allegations that were absent from the original complaint. *See* Amended Complaint (Docket Entry No. 5). Named as Defendants are: 1) Chancery Court Judge C.K. Smith ("Smith"); 2) General Sessions Judge Barry Tatum ("Tatum"); 3) Circuit Court Judge Michael Collins ("Collins"); 4) Circuit Court Judge Clara Byrd ("Byrd); 5) former state judge Dan Alexander ("Alexander"); 6) attorney Erin Alexander White ("White"); 7) Mohammad Naser Chorazghiazad ("Naser Chorazghiazad"); 8) Maryam Sangchin ("Sangchin"), the wife of Naser Chorazghiazad; 9) Javid Chorazghiazad ("J. Chorazghiazad"), the son of Naser Chorazghiazad; 10) Shawn Touloeisani ("Touloeisani"); 11) the Wilson County Sheriff's Department ("Sheriff's Department"); 12) Wilson County Sheriff Robert Bryant ("Bryant"); 13) Wilson County Police Lieutenant Steve Gatlin ("Gatlin"); 14) Wilson County Police Corporal Mike Warren ("Warren"); 15) Wilson County Mayor Randall Hutto ("Hutto"); and, 16) Wilson County Attorney Michael Jennings ("Jennings"). *Id*.

Plaintiff does not set out a distinct and clear statement of factual allegations in his amended complaint but intersperses his factual allegations within his listing of the defendants. As gleaned from these factual allegations, Plaintiff's lawsuit appears to revolve around two issues.

The first issue involves Plaintiff's dissatisfaction with several state court lawsuits in which he was a party between 2016 and 2020. He alleges that the respective judges that he names as defendants failed to properly adjudicate the state court lawsuits, showed favoritism toward the opposing parties, denied due process, and violated court rules, ethical rules, and Plaintiff's constitutional rights. Plaintiff further alleges that Defendant Alexander is an attorney who ignored conflicts of interest and ethical rules by representing a party in one or more of the lawsuits despite the fact that he had previously represented Plaintiff in other legal matters. He contends that Defendant White is also an attorney who violated his constitutional rights by lying and acting unethically in one of the lawsuits. Plaintiff alleges that Naser Chorazghiazad wronged him in some manner regarding certain property transactions and that Defendant Alexander wrongfully represented him despite the conflict of interest. Plaintiff finally alleges that Defendants, Sangchin, J. Chorazghiazad, and Sani each lied and defamed him when they testified in one or more of the state court cases.

The second issue involves an incident that occurred on February 9, 2022, when Defendants Gatlin and Warren are alleged to have broken a fence that surrounds Plaintiff's property to enter the property to serve Plaintiff with a summons. Plaintiff alleges that Defendant Bryant and Hutto (the sheriff and mayor, respectively), the Sheriff's Department, and Jennings all bear some responsibility for the actions of the two officers.

As the statement of his claim, Plaintiff asserts that "Defendants have violated Title VII of the civil rights act of 1964, the Fourth and Fourteenth Amendments and denied the plaintiff equal protection of the law and due process of law. The Defendants have sought to block access to the Courts. The Defendants trespassed onto plaintiff's property to serve an order of protections." *See* Amended Complaint at 21. Plaintiff further asserts in his jurisdictional statement that he brings his claims under 42 U.S.C. § 1983 for violations of the 1st, 4th, 5th, 6th, 7th, and 14th Amendments to the United States Constitution, and under 18 U.S.C. § 242 because Defendants have committed crimes against him. *Id*. at 17. Plaintiff also asserts diversity of citizenship as a basis for jurisdiction. *Id.*[1]

## II. MOTIONS TO DISMISS

In lieu of answers, Defendants have filed the pending motions to dismiss, raising various arguments for dismissal. By their motion, the Wilson County Defendants – Wilson County Sheriff's Department, Judge Tatum, Sheriff Bryant, Mayor Hutto, Jennings, Lt. Gatlin, and Cpl. Warren – argue that: 1) Plaintiff's claim against Judge Tatum is barred by both the statute of limitations and the doctrine of absolute judicial immunity; 2) Plaintiff's claim against the Sheriff's Department must be dismissed because the Sheriff's Department is not an entity that can be sued; 3) Plaintiff fails to allege any facts that would support a claim of personal liability against Defendants Bryant, Hutto, or Jennings; and, 4) Plaintiff's allegations against Defendants Gatlin and Warren fail to support a claim that they violated Plaintiff's Fourth Amendment rights. *See* Wilson County Defendants' Memorandum in Support (Docket Entry No. 34). Plaintiff

---

[1] Diversity jurisdiction under 28 U.S.C. § 1332(a) clearly does not apply to this case because the case is not between citizens of different states.

4

opposes this motion. *See* Docket Entry No. 35.

By their motion, the Individual Defendants – Alexander, White, Naser Chorazghiazad, Sangchin, J. Chorazghiazad, and Touloeisani – argue that: 1) Plaintiff's claim are barred by the statute of limitations; 2) Plaintiff fails to set forth allegations that Defendants acted under color of state law, as required for a claim brought under Section 1983; 3) Plaintiff's claims are barred by *res judicata*; 4) Plaintiff's claims of professional misconduct against Defendants Alexander and White are not actionable under Section 1983; and, 5) Plaintiff failed to properly serve process upon Defendants. *See* Individual Defendants' Memorandum in Support (Docket Entry No. 37). Plaintiff opposes this motion. *See* Docket Entry No. 46.

By their motion, the Judicial Defendants – Judges Smith, Collins, and Byrd – argue that: 1) they have not been properly served with process; 2) Plaintiff's claims are barred by the statute of limitations; 3) the *Rooker-Feldman* doctrine bars any claims that amount to a review of the state court judgments; 4) Plaintiff's claims are barred by Eleventh Amendment sovereign immunity; 5) Plaintiff's claims are barred by absolute judicial immunity; and, 6) Plaintiff fails to allege facts supporting a claim of denial of access to the courts. *See* Judicial Defendants' Memorandum in Support (Docket Entry No. 41). The Judicial Defendants further argue that the Court should decline to exercise supplemental jurisdiction over any potential state law claims. *Id*. Plaintiff has not filed a response in opposition to this motion.

### III. STANDARD OF REVIEW

Defendants' motions are reviewed under the standard that the Court must accept as true all well-pleaded allegations contained in the amended complaint, must resolve all doubts in Plaintiff's favor, and must construe the amended complaint liberally in favor of the *pro se*

5

Case 3:22-cv-01048   Document 49   Filed 05/11/23   Page 5 of 18 PageID #: 288

Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The amended complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the Court must liberally construe the pleadings of a *pro se* plaintiff, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court is not required to supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000)).

## IV. ANALYSIS

Before addressing the specific motions to dismiss, the Court notes that Plaintiff's lawsuit has significant deficiencies that cannot be overlooked and that require the dismissal of many of his claims. Initially, Plaintiff cannot use this federal lawsuit brought under 42 U.S.C. § 1983 as a means to be relieved from or to revisit unfavorable decisions that occurred in the state courts. Federal district courts do not have the authority to engage in appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). To that end, the so-called *Rooker–Feldman* doctrine bars federal district courts from hearing "cases brought by state-court losers complaining of injuries by state-court judgments rendered before

6

the district court proceedings commenced and inviting district court review and rejection of those judgments." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006) (citing *Exxon Mobile Corp.*, 544 U.S. at 284).[2]

This Court also has no authority to initiate criminal investigations or prosecutions of any of the Defendants. *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *Kuilan v. Zimmerman*, 2022 WL 1008856, at *2 (M.D. Tenn. Apr. 4, 2022) ("This Court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.") (Campbell, J.). This Court is also without authority to conduct investigations or reviews of any alleged ethical violations that occurred by judges or attorneys in state court lawsuits.

Additionally, to the extent that Plaintiff references 18 U.S.C. § 242 and contends that Defendants have committed crimes against him, § 242 of Title 18 is a criminal offense statute that does not provide for a private cause of action permitting Plaintiff to bring a civil lawsuit for its alleged violation. *See Timmon v. Wood*, 316 F. App'x 364, 365 (6th Cir. 2007); *Hight v. Cox*, 2013 WL 6096784, at *6 (M.D. Tenn. Nov. 20, 2013); *Purk v. United States*, 747 F. Supp. 1243, 1248 (S.D. Ohio 1989). Likewise, violations of the rules for legal ethics and professional responsibility do not themselves create private causes of action upon which Plaintiff can bring a civil lawsuit. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 404 (Tenn. 1991); *Akins v. Edmondson*, 207 S.W.3d 300, 307-08 (Tenn. Ct. App. 2006). Finally, although Plaintiff alleges that Defendants "have violated Title VII," *see* Amended Complaint at 21, Title VII is a federal statute that is directed at remedying employment-based discrimination.

---

[2] *Rooker-Feldman* refers to the doctrinal principles articulated in the cases of *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

There are absolutely no allegations in Plaintiff's amended complaint that concern discrimination by his employer or that even plausibly support a Title VII claim.

**A. Motion to Dismiss of the Wilson County Defendants**

Defendant Tatum should be dismissed from this lawsuit because (1) Plaintiff's claims against Defendant Tatum arise from an event that occurred in a September 2020 lawsuit and (2) the claims are based upon actions taken by Defendant Tatum as the judicial officer overseeing the lawsuit. It is well settled that the one-year statute of limitations set out in Tenn. Code. Ann. § 28-3-104(a)(3) applies to claims brought under 42 U.S.C. § 1983 that arose in Tennessee. *See Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's claims seeking remedies for violations of his federal constitutional rights must have been brought within one year of when the claims accrued. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*. Plaintiff's lawsuit was not filed until December 22, 2022, well beyond the one-year statute of limitations and is, consequently, untimely on its face.

Additionally, a judicial officer is absolutely immune from civil suits that are based upon the officer's judicial actions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Absolute judicial immunity is an immunity from suit, not merely from the assessment of damages, and is not overcome by allegations of bad faith or malice on the part of the defendant. *Forrester v. White*, 484 U.S. 219, 227 (1988); *Mireles*, 502 U.S. at 11; *Leech*, 689 F.3d at 542. Plaintiff fails to set

8

forth any basis to rebut the defense of absolute judicial immunity. He simply cannot sue Defendant Tatum, or any of the other judicial officers named as defendants in this action.[3]

Defendant Wilson County Sheriff's Department must also be dismissed from this lawsuit. A municipal agency, such as a sheriff's department, is not an entity that can be sued under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x. 436, 437 (8th Cir. 2001); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Mathes v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, *1 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."); *Buchannan v. Williams*, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006).

Defendants Bryant, Hutto, and Jennings should also be dismissed from this lawsuit. To be held individually liable under § 1983, a defendant must be personally involved in some manner in the allegedly unconstitutional conduct. *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). There are no allegations in Plaintiff's amended complaint that show the personal involvement of any of these three

---

[3] Tennessee has adopted a similar doctrine of judicial immunity. "The rule is that a civil action for damages will not lie against a judge of a court of general jurisdiction for his judicial acts if such acts were committed within the jurisdiction of his court." *Heath v. Corneliues*, 511 S.W.2d 683, 684 (Tenn. 1974). "If done within his jurisdiction neither the correctness of nor motive behind the acts affects the immunity." *Id.*; *see also Harris v. Witt*, 552 S.W.2d 85, 85 (Tenn. 1977) ("It is generally recognized that a judge is immune from civil liability for bona fide acts done in the exercise of his judicial function while acting within the limits of his jurisdiction.").

9

defendants in the events of February 9, 2022, when Defendants Gatlin and Warren entered Plaintiff's property to serve him with a summons.

Indeed, there are virtually no allegations in the amended complaint of any actual conduct at all by Defendants Bryant, Hutto, and Jennings. Bryant, as sheriff in Wilson County, is merely alleged to be responsible for the supervision and conduct of his employees. *See* Amended Complaint at 14. Defendant Hutto likewise is simply alleged to be the chief administrator of the city government. *Id*. at 16. The only allegation against Defendant Jennings is that he "failed to advise correct law to the Sheriff's Department." *Id.* at 17. These allegations fail to show conduct that supports individual liability under § 1983. Neither a defendant's supervisory position nor his right to control other employees can form the basis for a claim of individual liability because the theory of *respondeat superior* does not support a claim under § 1983. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). There are absolutely no allegations in Plaintiff's amended complaint that show that any of these three Defendants actively engaged in any unconstitutional behavior.[4] Plaintiff further fails to set forth any argument in his response to the motion to dismiss that would support a claim of individual liability against Defendants Bryant, Hutto, and Jennings.

---

[4] To the extent that Plaintiff makes factual allegations in his response that are not set forth in his pleadings, these factual allegations cannot be considered in support of his claims and as a rebuttal to the motion to dismiss. *See Laporte v. City of Nashville*, 2019 WL 845413, at *3 (M.D. Tenn. Feb. 21, 2019) (Richardson, J.) ("Plaintiffs, throughout their response briefs, make allegations that are not in the complaint. The Court will not consider these additional allegations in deciding the instant motion to dismiss."); *Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009).

With respect to Plaintiff's Fourth Amendment claim against Defendants Gatlin and Warren, the Court finds that the motion to dismiss should not be granted. Plaintiff alleges that his property was surrounded by an 8-foot fence and that Defendants "broke" though his fence to enter the property, where he was served with a summons. *See* Amended Complaint at 15. For the purposes of determining the motion to dismiss, the Court must construe these facts as true. There are no allegations that Defendants either did or did not have a warrant to enter his yard, but the clear implication from the nature of his claim is that they did not. At different points in their supporting memorandum, Defendants assert both that a summons was served on Plaintiff and that a warrant was served on Plaintiff. *See* Memorandum at 8. For the purposes of ruling on the motion to dismiss, the Court accepts as true Plaintiff's allegation that it was a summons that was being served on him. What the summons was for and whether it was a criminal or a civil summons is unknown at this point.

Defendants' argument for dismissal of the constitutional claim, as the Court follows the argument, is that Plaintiff fails to state a plausible Fourth Amendment claim because (1) no "search" occurred for the purposes of the Fourth Amendment given that the officers entered the property merely to serve a summons or warrant on Plaintiff and did nothing more, such as conduct any kind of search or inspection, and (2) no "seizure" occurred for the purposes of the Fourth Amendment because Plaintiff was not taken into custody or seized in any manner by the officers' presentment to him of a summons. *See* Memorandum at 8-9. The Court is unpersuaded by this argument because the argument seems to imply that Plaintiff's Fourth Amendment rights could only be violated if his person or some items of property were searched by Defendants or if he was in some manner physically seized by them.

11

Defendants appear to disregard that an individual has a protected Fourth Amendment right in not only his home, but also in the area immediately surrounding and associated with his home, commonly referred to as the curtilage of the home. *United States v. Darden*, 353 F. Supp. 3d 697, 709 (M.D. Tenn. 2018). "At the Fourth Amendment's very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)) (cleaned up). The curtilage of a home is "considered part of the home itself for Fourth Amendment purposes" and is entitled to Fourth Amendment protection. *Oliver v. United States*, 466 U.S. 170, 180 (1984). A physical entry into the curtilage of a home is itself an infringement of an individual's Fourth Amendment rights. *See Collins v. Virginia*, __ U.S.__, 138 S. Ct. 1663, 1671, 201 L. Ed. 2d 9 (2018) ("In physically intruding on the curtilage of Collins' home to search the motorcycle, Officer Rhodes not only invaded Collins' Fourth Amendment interest in the item searched, i.e., the motorcycle, but also invaded Collins' Fourth Amendment interest in the curtilage of his home."); *Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 562 (6th Cir. 2018) ("[O]fficers' entry onto the curtilage could be justified only by a warrant or one of the recognized exceptions to the warrant requirement.").

Given Plaintiff's allegations, which supply the only facts that are currently before the Court, and the minimal legal argument made by Defendants Gatlin and Warren, the Court cannot say that Plaintiff fails to state a plausible Fourth Amendment claim and that the claim against Gatlin and Warren must be dismissed for failure to state a claim upon which relief can be granted. To be sure, a police officer may approach a home in the same manner as a private citizen in order to knock on the door to speak with the resident of the home. *Jardines*, 569 U.S.

at 8. However, this permissible activity has limits. *See Watson v. Pearson*, 928 F.3d 507 (6th Cir. 2019); *Brennan v. Dawson*, 752 F. App'x. 276 (6th Cir. 2018); *Morgan*, *supra*. Whether the alleged actions of Gatlin and Warren, including breaking through or down a surrounding fence, constituted permissible activity or crossed the line into the realm of a Fourth Amendment infringement cannot be determined within the context of the motion to dismiss.

### B. Motion to Dismiss of Individual Defendants

To maintain an action under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Graham v. NCAA*, 804 F.2d 953, 957 (6th Cir. 1986). As the Sixth Circuit has stated, "[s]ection 1983 is directed at actions taken pursuant to governmental authority, and 'does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities.'" *Garcia v. Dykstra*, 260 F. App'x. 887 (6th Cir. 2008). *Id.* (quoting *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). For this reason, private citizens rarely fall within the purview of liability under § 1983.

The lawsuit brought by Plaintiff under § 1983 is not a means by which he can pursue his general grievances or claims of legal wrongs against the private individuals that he has sued. Plaintiff has not made factual allegations showing that the Individual Defendants acted under color of state law for purposes of § 1983. Defendants Naser Chorazghiazad, Sangchin, J. Chorazghiazad, and Touloeisani are alleged to have been involved in lawsuits brought against Plaintiff and/or to have testified in those lawsuits. However, being involved in a lawsuit simply

13

does not cause a person to have acted under color of state law. *See Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995) (a person does not act under color of state law merely by resorting to the courts for relief in a civil case). Similarly, Defendants Alexander and White are alleged to be private attorneys who were involved in the lawsuits. However, a private attorney does not act under color of state law merely by representing a party in litigation. *See Harmon v. Hamilton Cty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999).

Furthermore, it has long been established that witnesses who testify at trial are entitled to absolute immunity from suit based on that testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334–46 (1983); *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). To the extent that Plaintiff seeks to raise a defamation claim against the Defendants who testified in the state lawsuits, this claim fails because Tennessee also recognizes a litigation privilege that bars a claim for defamation that is based upon statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved. *Funeral Serv., Inc. v. Griffith Lambdin*, 559 S.W.2d 791, 792 (Tenn. 1978); *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962). The litigation privilege is an absolute defense, meaning that it is "in effect, a complete immunity" and "is not defeated by the defendant's malice, ill-will, or improper purpose in publishing the defamatory communication." *Strong-Tie Co., Inc. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 22 (Tenn. 2007).

Plaintiff's response to the motion to dismiss of the Individual Defendants fails to set forth any basis that requires the denial of their motion to dismiss and justifies continuing this lawsuit as against them. Because dismissal of the Individual Defendants from this case is clearly

warranted for the reasons set out herein, it is not necessary to address their alternative argument for dismissal.

## C. Motion to Dismiss of the Judicial Defendants

The Judicial Defendants have set forth several sound and reasoned legal arguments for why this lawsuit should be dismissed as to them. In the absence of a response from Plaintiff that rebuts these arguments, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992); *see also Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D. Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).[5]

Even if Plaintiff had responded to the Judicial Defendants' motion to dismiss, their dismissal from this case would clearly be warranted because the claims against them are based solely upon conduct that they are alleged to have taken as judicial officers overseeing Plaintiff's

---

[5] Additionally, Local Rule 7.01(a)(3) provides that motions to which timely response is not filed are deemed unopposed. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

15

state court lawsuits. Plaintiff's claims are therefore barred by absolute judicial immunity. *Forrester*, 484 U.S. at 227; *Mireles*, 502 U.S. at 11; *Leech*, 689 F.3d at 542.[6]

**D. Access to the Courts Claim**

In a very off-handed manner, Plaintiff asserts in his statement of claims that "Defendants have sought to block access to the Courts." *See* Amended Complaint at 21. Given the cursory nature of this assertion, the Court finds that Plaintiff fails to actually set out a legal claim by this assertion. Further, even assuming that it is a claim that is asserted against either the Judicial Defendants or the Individual Defendants, the claim is subject to dismissal because these two groups of Defendants have raised valid and unrebutted defenses that require their dismissal from this lawsuit.

**E. Motion for Sanctions**

In conjunction with their motion to dismiss, the Individual Defendants have filed a motion for sanctions against Plaintiff, seeking

> an Order finding the Plaintiff's suit is frivolous, vexatious, and in bad faith; awarding reasonable attorney fees to these Defendants for costs incurred defending themselves; entry of an Order prohibiting the Plaintiff from filing in this Court unless such filings or pleadings are either signed by an attorney admitted to practice before this Court or a bond, approved by the Clerk, is filed in the amount of twenty-five thousand dollars ($25,000) conditioned to pay any damages from a filing determined to be frivolous; and entry of an Order finding that any appeal taken by the Plaintiff be deemed frivolous too.

*See* Motion for Sanctions at 1. They argue that the instant lawsuit is not the first time they have been sued by Plaintiff, that Plaintiff's previous state lawsuits were deemed frivolous by the state

---

[6] By noting the merit of the absolute judicial immunity defense, the Court only notes that this defense would clearly require the dismissal of Plaintiff's claims against the Judicial Defendants and is not intended to cast doubt on the applicability or merits of any of the other defenses raised by the Judicial Defendants.

16

courts and Plaintiff was sanctioned, and that "Plaintiff's abuse of the legal system here is breathtaking." *Id*. Plaintiff has not responded to this motion.

Although there is no response from Plaintiff in opposition to the motion for sanctions, the Court is not persuaded by the Individual Defendants' arguments. To be sure, Plaintiff has brought a lawsuit that warrants dismissal as to all but a single claim. Further, it is apparent that Plaintiff and the Individual Defendants have a history of conflict and litigation between them. Finally, it is apparent that Plaintiff has also been sanctioned by the state courts for his conduct. Nonetheless, the Individual Defendants have not made a compelling case that the severe sanctions they request are warranted in this case. Whatever Plaintiff's conduct may have been in the state courts, even if it led to the impositions of sanctions against him, he has not engaged in similar conduct in this Court and certainly has not done anything to evidence a "breathtaking" abuse of the federal legal system that would warrant the impositions of extreme sanctions.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motion to dismiss (Docket Entry No. 33) be GRANTED as to Defendants Robert Bryant, Randall Hutto, Michael Jennings, Barry Tatum, and the Wilson County Sheriff's Department, and that these Defendants be DISMISSED WITH PREUDICE; but DENIED as to Defendants Steve Gatlin and Mike Warren;

2) the motion to dismiss (Docket Entry No. 36) of Defendants Dan Alexander, Erin White, Mohammad Naser Chorazghiazad, Maryam Sangchin, Javid Chorazghiazad, and Mohammad Touloeisani be GRANTED and these Defendants be DISMISSED WITH PREUDICE;

17

3) the motion to dismiss (Docket Entry No. 40) of Defendants Charles Smith, Clara Byrd, and Michael Collins be GRANTED and these Defendants be DISMISSED WITH PREUDICE; and,

4) the motion for sanctions (Docket Entry No. 38) of Defendants Dan Alexander, Erin White, Mohammad Naser Chorazghiazad, Maryam Sangchin, Javid Chorazghiazad, and Mohammad Touloeisani be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge