IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MOHAMMAD CHORAZGHIAZAD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3: 22-cv-01048 |
| | ) | Judge Aleta A. Trauger |
| JUDGE C.K. SMITH, CHANCELLOR, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

This *pro se* case has been referred to Magistrate Judge Holmes under 28 U.S.C. § 636(b)(1)(A) and (B) to dispose or recommend disposition of any pretrial motions. (Doc. Nos. 3, 64.) Now pending, however, are two motions appropriate for resolution by the undersigned: (1) the Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), filed on behalf of defendants Chancellor Charles K. Smith, Circuit Court Judge Clara Byrd, and Circuit Court Judge Michael Collins (the "state court judges") (Doc. No. 67), filed with a supporting Memorandum of Law (Doc. No. 68); and (2) plaintiff Mohammad Chorazghiazad's Motion to Alter or Amend Judgment (Doc. No. 74). As set forth herein, the first motion will be granted, and the second motion will be denied.

**I.     MOTION FOR ENTRY OF FINAL JUDGMENT**

The Amended Complaint in this case alleges that the state court judges violated the plaintiff's constitutional rights in the course of conducting judicial proceedings involving the plaintiff. The plaintiff did not like the state court judges' resolution of those proceedings. He now

seeks millions of dollars in damages from each judge and asks this court to reverse all decisions made by Chancellor Smith. (*See* Am. Complaint, Doc. No. 5, at 2–8, 12, 21.)

In March 2023, the state court judges filed a Motion to Dismiss in which they argued that all claims asserted against them in the Amended Complaint should be dismissed for myriad reasons, among them that they are entitled to absolute judicial immunity from suit. (Doc. No. 41, at 9–12.) The state court judges also asked the court to direct entry of final judgment as to them. (*Id.* at 15.) The plaintiff did not respond to the motion, and, in a Report and Recommendation issued on May 11, 2023 (Doc. No. 49), the Magistrate Judge recommended that the state court judges' Motion to Dismiss be granted on the grounds of absolute judicial immunity and that all claims against them be dismissed with prejudice. (Doc. No. 49, at 15–16, 18.)

Despite being advised of his ability to lodge objections to the Report and Recommendation (*id.* at 18), the plaintiff did not file objections. This court entered an Order accepting the Magistrate Judge's recommendation and dismissing with prejudice the claims against the state court judges. (Doc. No. 50, at 1.) The plaintiff attempted to appeal the Order (Doc. No. 52), but the Sixth Circuit dismissed the appeal (Doc. No. 62.) In any event, having not responded to the state court judges' Motion to Dismiss or lodged objections to the Report and Recommendation, the plaintiff has effectively waived his right to appeal that disposition. *Thomas v. Arn*, 474 U.S. 140, 153–55 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

The state court judges now move for entry of final judgment in their favor under Rule 54(b). The plaintiff has not filed a response in opposition to this motion. Rule 54 states in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however

> designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In this instance, there is no likelihood that the Order dismissing the claims against the state court judges will be revised, and the court finds that there is no just reason to delay entry of final judgment in their favor. The motion, therefore, will be granted.

## II.     MOTION TO ALTER OR AMEND JUDGMENT

The plaintiff's Motion to Alter and Amend Judgment seeks reconsideration of the "untimely dismissal of several official defendant[s] prior to the discovery." (Doc. No. 74, at 1.) The plaintiff also asserts that the undersigned district judge must recuse herself, because the plaintiff believes he will "not get a fair trial." (*Id.*) He incorporates in the Motion to Alter and Amend Judgment a separate "Motion to Recusal of Judge Rule 28 US Code 455." (*Id.* at 4.)

The plaintiff asserts no basis for this court's recusal or for reconsideration of the dismissal of all but two of the originally named defendants in this case. This judge has taken no action in this case other than to (1) deny a previous motion requesting her recusal; (2) accept the Report and Recommendation issued by the Magistrate Judge—to which the plaintiff filed no objections; and (3) refer the matter to the Magistrate Judge. The undersigned is not biased, and the plaintiff has no objective basis for believing to the contrary.

Accordingly, the plaintiff's motion will be denied.

### III. CONCLUSION AND ORDER

For the reasons set forth herein, the state court judges' Motion for Entry of Final Judgment (Doc. No. 67) is **GRANTED**, and the Clerk is **DIRECTED** to enter Judgment in favor of defendants Chancellor Charles K. Smith, Circuit Court Judge Clara Byrd and Circuit Court Judge Michael Collins in accordance with Federal Rules of Civil Procedure 54(b) and 58.

The plaintiff's Motion to Alter and Amend Judgment with its incorporated "Motion to Recusal of Judge" (Doc. No. 74) is **DENIED**.

This case remains on referral to the Magistrate Judge.

It is so **ORDERED**.

                                      ALETA A. TRAUGER
                                      United States District Judge